UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 2, 2010

William James Nicoll, Esq.
Jenkins, Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Deborah Jean Epperson v. Michael J. Astrue,
Commissioner of Social Security, PWG-09-416**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Epperson's claim for Supplemental Security Income ("SSI"). (Papers No. 8,18,31).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Ms. Epperson (sometimes referred to as "Claimant") filed an application for Supplemental Security Income ("SSI")[1] on March 28, 2006, alleging that she became disabled on April 4, 2001, due to degenerative joint and disc disease, problems with her

---

[1] Ms. Epperson argues that she earned enough quarters of coverage for a date last insured of June 2006 and that the ALJ should have considered her application as one for Disability Insurance Benefits ("DIB") in addition to "SSI".  However, she has not pointed to --nor does the undersigned find-- evidence that she had sufficient quarters of coverage as of her alleged onset date April 2001. 20 CFR §§404.130,131.  Further as indicated on the application, she was considered for all benefits under other programs administered by the Social Security Administration. Therefore, her argument is without merit.

knees including her status post right knee tibial tubercle transfer and left shoulder pain.(Tr. 15,59,79). After her claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William F. Clark. (Tr. 43-45, 463-500). In a decision dated March 25, 2008, the ALJ found that although her left shoulder degenerative joint disease, right knee status post tibial tubercle transfer, and degenerative disc disease were "severe impairments", they did not meet or equal any listed impairment. The ALJ also found that Ms. Epperson retained the residual functional capacity ("RFC") to perform a limited range of light work[2] and that based on her RFC she was precluded from performing her past relevant work ("PRW"). After receiving testimony from a vocational expert, ("VE"), the ALJ determined that there was work available in significant numbers in the local and national economies that Ms. Epperson could perform. Accordingly, the ALJ found she was not disabled within the meaning of the Act.(Tr.19-20). On January 15, 2009, the Appeals Council denied Ms. Epperson's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 4-6). This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Claimant presents several arguments in support of her contention that the ALJ's decision is not supported by substantial

---

[2] The ALJ found she retained the following RFC: she requires the option to sit or stand at will; she is precluded from kneeling, crouching, crawling, or climbing ladders, ropes or scaffolds she is limited to occasionally climbing ramps or stairs and she is precluded from overhead lifting with her non-dominant upper extremity. Additionally because of pain, the claimant is limited to unskilled work. (Tr. 19).

evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

I am not persuaded by Claimant's argument that the ALJ erred by affording "significant weight" to the opinions of the State Agency physician in finding Claimant capable of performing less than a full range of light work. *See* Plaintiff's Memorandum, pp. 6-7. SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[3] The ALJ adequately discussed the reasons for affording Dr. Kramer's opinions considerable weight.(Tr. 19). Equally important is that Dr. Kramer provided an explanation for his opinions. (Tr. 97-104). For example, although Ms. Epperson alleged an inability to lift her left arm, Dr. Kramer noted this was inconsistent with office notes from Dr. Dunn, who stated that Ms. Epperson had a full range of motion of her left shoulder .(Tr. 102). Dr. Kramer's assessment stated, *inter alia,* that he reviewed the MRI report dated March 2006 and that Claimant could occasionally lift and/or carry 20 pounds and stand and/or walk for a total of about 6 hours in an 8-hour workday but needed to "periodically sit and stand to relieve pain and discomfort." (Tr. 98). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's assessment.

Ms. Epperson also argues that the ALJ erred by failing to consider properly the opinions of her treating physician, Dr. Novin. Dr. Novin stated that Claimant was "permanently disabled" by a thoracic injury sustained in 2001. For the reasons that follow, I find her arguments without merit.

A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the

---

[3] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6P, 1996 WL 374180 **2-**3(S.S.A.)

record as a whole. In this case, I find that the ALJ fulfilled this duty. Claimant was diagnosed with a thoracic injury sustained in a work related incident in 2001. There is no question that during her initial diagnosis and treatment Ms. Epperson suffered from various symptoms of pain and problems due to her work related injury.(Tr. 15). However, the ALJ found that Dr. Neil Novin's March 2006 opinion was entitled to very "little weight", because it was inconsistent with the reports from Dr. Friedler who, in 2004, stated that Ms. Epperson could return to work and had no restrictions. (Tr. 258, 326-327). Dr. Novin's 2006 report of "permanent" disability due to the 2001 thoracic injury is also inconsistent with the 2006 report of Dr. Dunn whose MRI revealed only "mild" tendonitis in Claimant's left shoulder.(Tr. 154). Likewise Dr. Stephanie Figueroa noted in April 2006 that Ms. Epperson had 4 out of 5 strength in her left upper extremity. Finally, Dr. Novin's report is contradicted by Dr. Ronald Mukamal's statement that as early as 2002, Ms. Epperson could return to light duty work.(Tr. 275). When viewed in it's entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Novin's opinion.

Claimant also argues that the ALJ erred by failing properly to evaluate her obesity in determining whether she was disabled. The Court is not persuaded that the ALJ failed to consider the effects of Ms. Epperson's weight pursuant to SSR 02-1p. Ms. Epperson argues that because he had a Body Mass Index "BMI"[4] of over 30, based on her height and weight, the ALJ should have given adequate consideration to her obesity. *See* Plaintiff's Motion, pp. 8. A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:
> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."

*See* SSR 02-1p (2000 WL 628049, *4(S.S.A.))(Emphasis added).

The Claimant has not directed the Court's attention to -- nor does the Court find -- any notations made by Ms. Epperson's doctors, or the Agency reviewers, which concluded that her weight would adversely affect her ability to function. *See* 20

---
[4] BMI is the ratio of an individuals weight in kilograms to the square of his or her height in meters. (kg/m2).

CFR §416.912 (Evidence of your impairment). In sum, I do not find that the ALJ failed to consider the effects of Ms. Epperson's alleged obesity in violation of SSR-02-1p.

    Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 11/2/10

                                     ___/s/_____
                                     Paul W. Grimm
                                     United States Magistrate Judge